UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald R. Johnson, individually and DBA Information Exchange Systems, successor in interest to Information Exchange Systems, Inc.,

Plaintiff,

v.

US Bank N.A. f/k/a First Bank N.A.; Oppenheimer, Wolff & Donnelly, L.L.P.; and Faegre & Benson, L.L.P.

Defendants.

Civil No. 02-811 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Ronald R. Johnson, appears Pro Se.
Michael A. Pysno, Esq., Dorsey & Whitney, for Defendant US Bank.
Jeffrey J. Bouslog, Esq. and Andrew S. Hansen, Esq., Oppenheimer, Wolff & Donnelly, for Defendant Oppenheimer, Wolff & Donnelly.
James A. O'Neal, Esq. and Amy R. Freestone, Esq., Faegre & Benson, for Defendant Faegre & Benson.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on November 15, 2002, on Defendants' pretrial motions as follows: 1) Defendant Oppenheimer, Wolff & Donnelly's Motion to Dismiss, or Alternatively, for Summary Judgment [#17]; 2) Faegre & Benson's Motion for Judgment on the Pleadings, or for Summary Judgment [#20]; and 3) Motion by Defendant US Bank to Dismiss, or in the Alternative, for Summary Judgment [#23].

This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, the Court recommends



FILED JAN 21 2003

that 1) Defendant Oppenheimer, Wolff & Donnelly's Motion to Dismiss, or Alternatively, for Summary Judgment [#17] be granted; 2) Faegre & Benson's Motion for Judgment on the Pleadings, or for Summary Judgment [#20] be granted; and 3) Motion by Defendant US Bank to Dismiss, or in the Alternative, for Summary Judgment [#23] be granted.

## I. BACKGROUND

Plaintiff, Ronald Johnson ("Plaintiff") commenced this action in April, 2002. He asserts claims arising out of events occurring in 1987 that relate to the sale and foreclosure of loans that Plaintiff's companies owed Defendant, First Bank, now U.S. Bank (hereinafter "U.S. Bank"). In 1986 Plaintiff's corporations were unable to make payments on a line of credit they had with U.S. Bank. In February 1987, U.S. Bank sold the Note for the debt, along with the security interests, to third parties. The third parties then foreclosed on the Note and seized the assets pledged as security. See Information Exchange Systems, Inc. v. First Bank National Association, 994 F.2d 478 (8th Cir. 1993)("Case 91-CV-902"). Between 1989 and 1993, Plaintiff and three corporations he owned or controlled commenced nine lawsuits in Minnesota state courts and Federal District Court alleging that U.S. Bank's sale of the Note to third parties and that third parties' seizure and use of the collateral for the Note were illegal in various respects and damaged the Plaintiff. Violations alleged in the previous lawsuits include: antitrust laws, Bank Holding Company Act, RICO, trademark, copyright and patent infringement, along with the state law claims of: misappropriation of trade secrets, breach of contract, trespass, breach of fiduciary duty, fraud, fraudulent concealment, interference with contractual relationships, interference with prospective advantage, conversion, and Minnesota antitrust and deceptive trade practices statutes, negligence, and breach of good faith. This Court granted

summary judgment over the federal law claims and declined to exercise jurisdiction over the state law claims in the 1993 case. See Id. at 486. Summary judgment was granted against the Plaintiff in the state law matters as well. See Information Exchange Systems, Inc. v. First Bank National Association, No. 93-877 (Henn. Cty 1993); Quix Media Shops & Depots, Inc. v. First Bank National Association, No. 92-177338 (Henn. Cty. 1992); IXI Labs v. First Bank National Association, No. 92-17337 (Henn. Cty. 1992)("1992-93 State Actions"); and Information Exchange Systems, Inc. v. First Bank National Association, 1994 WL 534837 (Minn. Ct. App. 1994)("1994 State Appeal"). In 1993 a handwritten complaint, filed in state court by Plaintiff asserting claims of conversion, misrepresentation, trespass, and negligence, was dismissed without prejudice for insufficient service of process. See Johnson v. First Bank National Association, No. 93-2957 (Henn. Cty. 1993). In connection with this prior litigation, Oppenheimer represented U.S. Bank.

In January 1995, after eight years of litigation with U.S. Bank, Plaintiff and his son-in-law, Robert Clifford, sought the advice of Defendant, Faegre & Benson ("Faegre"). At Plaintiff's request, Faegre reviewed the past litigation without opening a file. Faegre advised Plaintiff that any potential new actions would likely be barred by *res judicata*. See Aff. of Gregory Schaefer, ¶¶ 3-4, 7. Faegre never billed the Plaintiff for this advice. In February1996, Plaintiff asked Faegre to revisit the Bank matter in light of new evidence he provided. At this time an engagement letter was entered into whereby Plaintiff agreed to pay Faegre its normal rates for its evaluation of the proposed new action. See Id. ¶¶10-12. In April and May of 1996, Faegre provided Plaintiff with analysis of the proposed claims and informed Plaintiff that it was not interested in pursuing any such claims on behalf of Plaintiff. Faegre provided a list of

Minneapolis attorneys from whom Plaintiff could seek further assistance.

In the present action, Plaintiff appears to reassert claims that were previously rejected by both the state and federal courts.

## II. CONCLUSIONS OF LAW

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that when matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. The Eighth Circuit has interpreted the phrase "matters outside the pleadings" to include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." Gibb v. Scott, 958 F.2d 814, 816 (8th Cir.1992) (citation omitted). Because the Defendants rely on declarations and statements submitted along with their motions, the Court will treat the motions as ones for summary judgment.

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Hegg v. U.S., 817 F.2d 1328, 1331 (8th Cir. 1987); Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000). Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (holding that the Court must decide "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). When considering a motion for summary judgment, a court should construe all evidence in favor of the non-moving party. See Anderson, 477 U.S. at 255. However, if the evidence submitted by the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. Id. at 249-50.

The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. Id. at 248-49. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48. If the opposing party fails to carry that burden, summary judgment should be granted. See Celotex, 477 U.S. at 322; Bassett v. City of Minneapolis, 211 F.3d 1097, 1099 (8th Cir. 2000).

**B. Summary Judgment should be granted for Defendant's Oppenheimer, Wolff & Donnelly and U.S. Bank.**

Defendants Oppenheimer and U.S. Bank contend that Plaintiff's complaint fails to state a claim upon which relief can be granted, and that Plaintiff's claims are barred by the statute of limitations, attorney immunity, and collateral estoppel. Oppenheimer and U.S. Bank seek summary judgment as to all counts in which they are named.[1] Specifically, Defendant Oppenheimer argues that Plaintiff did not initiate this action until April 17, 2002, nine years after the first case related to this matter was completed and all claims fall well outside any potentially applicable statute of limitations periods. Defendant U.S. Bank also seeks summary judgement based on *res judicata*.

[1]Counts II-IX; XI-XVIII.

This Court need only address Defendants' statue of limitations contention.

Minnesota Statute 541.05, subd. 1 provides:

> "Except where the Uniform Commercial Code otherwise prescribes, the following actions shall be commenced within six years:
>
> (1) Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed;
> (2) Upon a liability created by statute, other than those arising upon a penalty or forfeiture or where a shorter period is provided by section 541.07;
> (3) For a trespass upon real estate;
> (4) For taking, detaining, or injuring personal property, including actions for the specific recovery thereof;
> (5) For criminal conversation, or for any other injury to the person or rights of another, not arising on contract, and not hereinafter enumerated;
> (6) For relief on the ground of fraud, in which case the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;
> (7) To enforce a trust or compel a trustee to account, where the trustee has neglected to discharge the trust, or claims to have fully performed it, or has repudiated the trust relation;
> (8) Against sureties upon the official bond of any public officer, whether of the state or of any county, town, school district, or a municipality therein; in which case the limitation shall not begin to run until the term of such officer for which the bond was given shall have expired;
> (9) For damages caused by a dam, used for commercial purposes; or
> (10) For assault, battery, false imprisonment, or other tort, resulting in personal injury, if the conduct that gives rise to the cause of action also constitutes domestic abuse as defined in section 518B.01."

**1. Amended Complaint Count II- Actions Arising Out Of Plaintiff's Debt**

The statute of limitations pursuant to Minnesota Statute §§ 541.05, subd. 1(1) applies to actions on instruments involving contracts or financial notes, such as indicated in this case. The Supreme Court of Minnesota in Anderson v. Anderson implicitly recognized that the six-year statute of limitations is applicable to derivative breach of fiduciary duty claims. See Anderson v. Anderson, 197 N.W.2d 720, 726 (1972). Plaintiff's claims regarding the sale of the Note all arise from events

that began in February 1987, over fifteen years ago. Accordingly, Count II of Plaintiff's Complaint is time-barred.

**2. Amended Complaint Counts III, IV, and V -- Conversion of Assets**

Plaintiff's claim is that U.S. Bank entered into transactions with third parties in February 1987 that involved the conversion of his assets. See Buller v. A.O. Smith Harveststore Prods., 518 N.W.2d 537, 542 (Minn.1994). Once the plaintiff has notice of a potential cause of action for fraud, he or she must investigate with reasonable diligence. Id. Here, Minnesota Statute §§ 541.05, subd. 1(4) applies. The Plaintiff's claims for conversion accrued when the action allegedly occurred, in 1987. Therefore, Plaintiff's conversion claims are time-barred.

**3. Amended Complaint Counts V, VI, VII -- Trademark Infringement**

In the Complaint, Plaintiff's claims regarding U.S. Trademark "IXI" are unclear. It appears Plaintiff alleges that U.S. Bank held a property interest in the trademark and sold it as collateral with the bank note thus causing some type of an infringement of the trademark to occur. In evaluating the likelihood of success on the merits of a trademark infringement claim, the equitable defense of laches is applicable to an action to enforce an incontestable trademark. See Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc., 182 F.3d 598 (8th Cir. 1999). Laches applies when a claimant inexcusably delays in asserting its claim and thereby unduly prejudices the party against whom the claim ultimately is asserted. See, Elvis Presley Enters. v. Capece, 141 F.3d 188, 205 (5th Cir. 1998). Plaintiff was obviously aware of any conduct he considered infringing in light of his claims to this Court over eleven years ago. He failed to succeed then and did not object on infringement grounds further until this action. Plaintiff does not posit any plausible excuse for his delay therefore this

claim is time-barred as well.

**4. Amended Complaint Counts VIII, IX, XI, XII, XIII, XIV, and XV -- Fraud Based Claims**

Under Minnesota Statute §§ 541.05, subd. 1(6) the six year limitations period applies to these claims by Plaintiff that are related to alleged statements or representations. See Helleloid v. Independent School Dist. No. 361, 149 F.Supp.2d 863 (D.Minn. 2001). The accrual of a cause of action in fraud based claims is measured from the date the fraud is discovered. Id. The fraud based claims have been brought in various earlier suits. The alleged underlying fraud was discovered in 1987, well beyond the six year statute of limitations. Accordingly these claims are time-barred.

**5. Amended Complaint Count XVI -- Libel or Slander (Defamation)**

While Plaintiff labels this claim in his Complaint as libel or slander, the description used is likened to the other fraud claims. The Complaint is remiss in alleging dates of publication of the defamation, therefore making the claim incomplete. In order to survive a review for viability within the statue of limitations, the alleged defamation would have to occur two years prior to this action being filed. See Minn. Stat. 541.07 subd. 1. If the party with the burden of proof at trial is unable to present evidence to establish an essential element of that party's claim, summary judgment on the claim is appropriate because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. See Fed. Rules Civ.Proc. 56; St. Jude Medical, Inc. v. Lifecare Intern., Inc., 250 F.3d 587 (8th Cir. 2001). As it appears all the claims in the Amended Complaint are inter-related, and no evidence exist of any other matter to attribute a different date base, this claim too is time-barred.

**6. Amended Complaint Count XVII -- Civil Rico**

Plaintiff asserts that Defendant U.S. Bank and Defendant Oppenheimer maintained a Racketeer Influenced Corrupt Organization in violation of 18 U.S.C. § 1962 (RICO Act). In actions under RICO the statute of limitations begins to run "as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern." See Klehr v. A.O. Smith Corp., 87 F. 3d 231 (8th Cir. 1996). Following this standard Civil RICO claims are governed by a four year statute of limitations. Id. It is clear that Plaintiff contends that the conduct which constitutes the RICO violations is the same conduct complained of in his previous lawsuits. The last lawsuit ended in October 1994. Any discovery of the injury from this pattern of activities must have occurred over seven years before the instant lawsuit was commenced. As this is well beyond the four years allowed by statute, this claim is also time-barred.

**7. Amended Complaint Count XVIII -- Punitive Damages**

Plaintiff seeks punitive damages for the alleged injuries in this case. Pursuant to Minnesota Statute § 549.191, punitive damages can not be brought in the initial pleadings. Plaintiff would need to obtain leave of the court to add a punitive damages claim. Plaintiff filed a claim for punitive damages in his Complaint and failed to seek leave of the Court to add a punitive damages claim, therefore, it must be dismissed as plead against all Defendants.

**C. Summary Judgment Should be Granted for Defendant Faegre & Benson**

Defendant Faegre & Benson seeks summary judgment on the grounds that all counts of Plaintiff's Amended Complaint are improperly plead, have no basis in fact, and lack proof regarding the essential elements. Plaintiff asserts four counts against Defendant Faegre & Benson including:

Breach of Contract, Promissory Estoppel, Libel or Slander, and Punitive Damages.[2]

**1. Amended Complaint Count I Breach of Contract**

Although unclear, it appears Plaintiff's assertions of Breach of Contract against Defendant Faegre & Benson arise from a February 23, 1996, engagement letter that set out the fees that would be charged for the Defendant to evaluate the prospects for Plaintiff's proposed claims. In April 1996, Defendant Faegre & Benson provided the analysis of these proposed claims and informed Plaintiff it was not interested in pursuing them.

Plaintiff did not allege all of the elements of a breach of contract claim in his Amended Complaint. To make a submissible case for a breach-of-contract, a party must allege and prove that there was a contract and that its terms were breached. See Healy v. Carlson Travel Network Association, Inc, 227 F.Supp.2d 1080 (D. Minn 2002). When the party with the burden of proof at trial is unable to present evidence to establish an essential element of that party's claim, summary judgment on the claim is appropriate. See Fed.Rules Civ.Proc. 56; see also, St. Jude Medical, Inc., 250 F.3d at 589-91. Plaintiff failed to provide any evidence that there was a contract between the parties that required Defendant Faegre to litigate Plaintiff's claims. In response to Faegre's motion, Plaintiff has provided only the February 23, 1996, engagement letter. That letter clearly delineates what Defendant Faegre & Benson promised to do for the Plaintiff. See Plaintiff's Exh. B, ¶¶ 2 & 3. At no time does Defendant Faegre & Benson agree to represent Plaintiff. The Defendant merely promised to evaluate any potential claims that might be asserted and to advise Plaintiff regarding

[2]Counts I, X, XVI and XVIII. To the extent Counts XVI and XVIII name Faegre & Benson, they should be dismissed. Although Faegre is named in both Counts XVI and XVIII, neither count alleges that Faegre did anything.

them. Id. This letter does not purport to be a contract for representation in litigation.

Construing all the evidence in favor of the Plaintiff, this Court concludes that there was no contract for representation in litigation between the two parties. Without a contract, a breach of contract claim does not exist. Accordingly, Count I of the Complaint should be dismissed.

**2. Amended Complaint Count X On Promissory Estoppel**

Plaintiff's claim for promissory estoppel asserts that Defendant Faegre & Benson referred him to other firms knowing that other firms would not litigate his case. To establish the elements of a viable promissory estoppel cause of action Plaintiff must show: 1) there was a clear and definite promise; 2) the promisor intended to induce reliance upon the promise; and 3) the promise must be enforced to prevent injustice. See Martens v. Minnesota Mining & Mfr. Co., 616 N.W. 2d 732 (Minn. 2000). There are no facts pled in the Complaint that establish any of the elements for a prima facie showing of promissory estoppel. There is no allegation of a promise that should be enforced, or that the Plaintiff relied on any sort of promise to his detriment. Consequently, Count X of the Amended Complaint should be dismissed.

## III. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Oppenheimer, Wolff & Donnelly's Motion to Dismiss, or Alternatively, for Summary Judgment [#17] be **GRANTED**;

2. Faegre & Benson's Motion for Judgment on the Pleadings, or for Summary Judgment [#20] be **GRANTED**; and

3. Motion by Defendant U.S. Bank to Dismiss, or in the Alternative, for Summary Judgment [#23] be **GRANTED**.

DATED: JAN 17, 2003.

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.