**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

RONALD R. JOHNSON, individually and DBA INFORMATION EXCHANGE SYSTEMS, successor in interest to INFORMATION EXCHANGE SYSTEMS, INC.,

Plaintiffs,

v.

US BANK N.A. f/k/a First Bank N.A.; OPPENHEIMER, WOLFF & DONNELLY, L.L.P.; and FAEGRE & BENSON, L.L.P.,

Defendants.

Civil No. 02-811 (JRT/FLN)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Ronald R. Johnson, Box 350, Excelsior, MN 55331, plaintiff *pro se*.

Thomas L. Nuss, DORSEY & WHITNEY LLP, Suite 1500, 50 South Sixth Street, Minneapolis, MN 55402-1498, for defendant U.S. Bank.

Jeffrey J. Bouslog and Andrew Hansen, OPPENHEIMER WOLFF & DONNELLY LLP, 3300 Plaza VII Building, 45 South Seventh Street, Minneapolis, MN 55402, for defendant Oppenheimer Wolff & Donnelly.

James A. O'Neal and Amy R. Freestone, FAEGRE & BENSON LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-3901, for defendant Faegre & Benson.

This matter is before the Court on plaintiffs' objections to the Report and Recommendation of United States Magistrate Judge Franklin L. Noel, dated January 17, 2003. Plaintiffs object to the Magistrate Judge's recommendation that each defendant's

FILED 3-31-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 3-31-03
DEPUTY CLERK ______

motion for summary judgment be granted. The Court has reviewed *de novo* plaintiffs' objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court overrules plaintiffs' objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiff Ronald Johnson was a principal stockholder in Information Exchange Systems, Inc. ("IXI"), a predecessor of plaintiff DBA Information Exchange Systems, and in two separate but related corporations, IXI Laboratories ("Labs") and Quix Media ("Quix"). The assets of Labs and Quix secured a loan that predecessors of defendant U.S. Bank (collectively "the Bank") made to Labs in 1984. When Labs later had difficulty meeting its obligations to the Bank, the Bank set a deadline of February 6, 1987, for full repayment of the loan. The loan remained unpaid on February 6, 1987, and the Bank on that date assigned its interest in the collateral securing the loan to third parties, who immediately foreclosed on the collateral and took possession of assets belonging to IXI, Labs and Quix. Defendant Oppenheimer Wolff & Donnelly LLP ("Oppenheimer") represented the Bank during this transaction.

The loan foreclosure spawned a substantial amount of litigation between Johnson's corporations, the Bank, and the third parties who purchased the Bank's interest. IXI's federal claims against the Bank, *inter alia*, for racketeering and infringement of IXI's intellectual property rights did not survive summary judgment. *Information Exch. Sys., Inc. v. First Bank*

*Nat'l Ass'n*, Nos. CIV. 4-91-902, CIV. 4-92-224, 1992 WL 494607, at * 8 (D. Minn. July 23, 1992), *aff'd*, 994 F.2d 478 (8th Cir. 1993). The federal court dismissed IXI's state law claims against the Bank without prejudice. 1992 WL 494607 at *8. The Minnesota state courts subsequently held that the federal judgment estopped IXI from asserting state law claims for "trespass, conversion, negligence, misrepresentation, and fraud" against the Bank in connection with the loan foreclosure. *Information Exch. Sys., Inc. v. First Bank Nat'l Ass'n*, Nos. C6-94-112, C4-94-612, and C6-94-613, 1994 WL 534837, at *2 (Minn. Ct. App. Oct. 4, 1994) (unpublished opinion). The Minnesota Court of Appeals specifically rejected IXI's argument that new evidence, in the form of stock offering documents, precluded the application of collateral estoppel. *Id.* at *6.

Johnson approached defendant Faegre & Benson LLP ("Faegre") in January 1995 to discuss additional litigation against the Bank. Faegre reviewed Johnson's file but did not agree to represent Johnson at that time. Johnson approached Faegre again for the same reason in 1996. On February 23, 1996, Faegre agreed to research and investigate the prior litigation against the Bank and to advise Johnson concerning any possible remaining claims. Faegre discontinued its representation of Johnson in May 1996 based on a conflict of interest and provided Johnson with a list of other attorneys who might agree to represent him.

Plaintiffs commenced this action against the Bank, Oppenheimer, and Faegre on their own behalf in April 2002. The Amended Complaint alleges that the Bank, individually or in concert with Oppenheimer, illegally converted IXI's assets, infringed IXI's trademarks,

made fraudulent misrepresentations to plaintiffs and to the Court, interfered with various federal and state court proceedings, committed libel or slander against Johnson, and engaged in conduct prohibited under the federal RICO statute,18 U.S.C. § 1962. The 1987 loan foreclosure and the ensuing litigation, which concluded in 1994, provide the operative facts for those claims. The Amended Complaint also asserts claims against Faegre for breach of contract and for promissory estoppel, alleging that Faegre failed to represent Johnson in these matters as agreed and that Faegre promised other counsel would do so. The Bank and Oppenheimer each moved to dismiss the claims against them or, in the alternative, for summary judgment. Faegre moved for judgment on the pleadings as to all claims against it or, in the alternative, for summary judgment. Because the parties submitted material outside the pleadings for the Court's consideration, the Magistrate Judge treated each of the motions as one for summary judgment. The Magistrate Judge held that the applicable statutes of limitations bar all claims against the Bank and Oppenheimer[1], that the record lacks evidence adequate to support the claims against Faegre, and that summary judgment dismissing all claims against each defendant was appropriate. Plaintiffs object to the Magistrate Judge's Report and Recommendation in its entirety.

---

[1] In support of their motions, the Bank and Oppenheimer also argued that principles of *res judicata* preclude the relitgation of matters determined in the prior federal and state court proceedings between these parties. Although the Magistrate Judge did not reach that issue, the Court notes that most if not all of the plaintiffs' claims against the Bank and Oppenheimer, including plaintiffs' arguments concerning "new evidence," were raised in prior proceedings and decided adversely to plaintiffs. The Court notes as well that the record contains no evidence that the defendants committed fraud upon the court or otherwise.

## ANALYSIS

The Court agrees with the Magistrate Judge's determination to treat the defendants' motions as motions for summary judgment, and the Court adopts the Magistrate Judge's discussion of the standard of review in motions for summary judgment. Summary judgment is appropriate if no genuine issue of material fact exists and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The Court, furthermore, agrees with the Magistrate Judge's conclusion that plaintiffs' claims against the Bank and Oppenheimer are time barred. Even assuming the foreclosure on IXI's assets in 1987 was unlawful, as plaintiffs suggest, plaintiffs were aware of the operative facts underlying the claims in this action no later than 1994. Plaintiffs commenced this action in 2002, which is beyond Minnesota's two-year statute of limitations for intentional tort claims, Minn. Stat.§ 541.07, subd. 1, the four-year statute of limitations for federal civil RICO actions, *Klehr v. A. O. Smith Corp.*, 87 F.3d 231, 238 (8th Cir. 1996), the four-year delay sufficient to apply laches to a trademark infringement claim, *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 602 n.5 (8th Cir. 1999), and Minnesota's general six-year statute of limitations, Minn. Stat. § 541.05. Plaintiffs argue that these limitations periods should run from May 1996, when plaintiffs believe the defendants colluded to prevent Faegre from bringing this action, and that the statutes of limitations otherwise are subject to tolling. Plaintiffs have offered nothing more than their own

speculation to support their collusion theory, however, and plaintiffs have cited no legal authority or competent evidence justifying the tolling of any statute of limitations.

The Court, finally, agrees with the Magistrate Judge that the record does not support plaintiffs' claims for breach of contract and promissory estoppel against Faegre. Faegre agreed to provide legal research and advice to Johnson on potential claims against the Bank, which Faegre did. If Faegre agreed to represent Johnson in litigating such claims, as Johnson asserts, that representation concluded definitively and properly in May 1996, when Faegre determined it had a conflict of interest. Plaintiffs cite no authority standing for the proposition that a lawyer who ceases representation of a client based on an ethical obligation thereby breaches a contract with that client. Plaintiffs also cite no evidence that Faegre made a specific promise to plaintiffs concerning representation by other counsel, and plaintiffs cite no evidence that they relied to their detriment on any promise Faegre may have made, which is an element of promissory estoppel under Minnesota law. *Martens v. Minn. Mining & Mfg. Co.*, 616 N.W.2d 732, 746 (Minn. 2000).

**ORDER**

Based on the files, records and proceedings herein, the Court **OVERRULES** plaintiffs' objections [Docket No. 43] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 39]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Oppenheimer Wolff and Donnelly's Motion to Dismiss or, Alternatively, for Summary Judgment [Docket No. 17] is **GRANTED**.

2. Defendant Faegre & Benson's Motion for Judgment on the Pleadings or for Summary Judgment [Docket No. 20] is **GRANTED**.

3. Defendant U.S. Bank's Motion to Dismiss or, in the Alternative, for Summary Judgment [Docket No. 23] is **GRANTED**.

4. Plaintiffs' complaint is **DISMISSED, with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 31, 2003
at Minneapolis, Minnesota

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
## District of Minnesota

700 Federal Building
316 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55802

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.