**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

RONALD R. JOHNSON, individually and DBA INFORMATION EXCHANGE SYSTEMS, successor in interest to INFORMATION EXCHANGE SYSTEMS, INC.,

Plaintiffs,

v.

U.S. BANK N.A. f/k/a First Bank N.A.; OPPENHEIMER, WOLFF & DONNELLY, L.L.P.; and FAEGRE & BENSON, L.L.P.,

Defendants.

Civil No. 02-811 (JRT/FLN)

**ORDER**

---

Ronald R. Johnson, P.O. Box 350, Excelsior, MN 55331, plaintiff *pro se*.

Thomas L. Nuss, DORSEY & WHITNEY LLP, Suite 1500, 50 South Sixth Street, Minneapolis, MN 55402-1498, for defendant U.S. Bank.

Jeffrey J. Bouslog and Andrew Hansen, OPPENHEIMER WOLFF & DONNELLY LLP, 3300 Plaza VII Building, 45 South Seventh Street, Minneapolis, MN 55402, for defendant Oppenheimer Wolff & Donnelly.

James A. O'Neal and Amy R. Freestone, FAEGRE & BENSON LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-3901, for defendant Faegre & Benson.

By Order dated March 31, 2003 ("the Order"), this Court granted each defendant's motion for summary judgment after adopting the Magistrate Judge's Report and

FILED MAY 23 2003
RICHARD S. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

Recommendation with respect to those motions. On April 14, 2003, Plaintiffs Ronald Johnson and Information Exchange Systems (collectively "Johnson") filed a twelve-page memorandum of law in support of a motion to vacate the Order. Most of Johnson's arguments in that memorandum are identical to those Johnson made concerning the defendants' motions for summary judgment, and the Court accordingly will treat Johnson's motion to vacate the Order as a request to make a motion to reconsider. "Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. LR 7.1(g). Although requests to make a motion to reconsider must be made "by letter to the Court of no more than two pages in length," *id.*, the Court nevertheless briefly will address the issues Johnson raises and will deny Johnson's motion for the reasons set forth below.

Johnson's claims against defendants U.S. Bank N.A. ("the Bank") and Oppenheimer Wolff & Donnelly LLP ("Oppenheimer") arise from a third party's seizure of Johnson's assets pursuant to a loan foreclosure in 1987. According to Johnson, the Order perpetuates an erroneous finding from earlier litigation that the seizure of Johnson's assets was legally justified. The Court held in the Order, however, that Johnson's claims against the Bank and Oppenheimer were time barred *even assuming* that the seizure of Johnson's assets was unlawful. The Court noted in the Order that Johnson presented no legal authority or competent evidence justifying the tolling of the applicable statutes of limitations, and Johnson has not rectified that in his latest motion. The error Johnson describes, if it exists, thus has no bearing on the outcome of this case.

Johnson complains that he lacks evidence to support his claims because he was not permitted to conduct discovery. Contrary to Johnson's suggestion, the denial of pretrial discovery is not a *per se* violation of the Due Process Clause of the federal constitution. *See NLRB v. Interboro Contractors, Inc.*, 432 F.2d 854, 857-58 (2d Cir. 1970) ("It is well-settled that parties to judicial or quasi-judicial proceedings are not entitled to pretrial discovery as a matter of constitutional right.") Here, the Magistrate Judge, as part of a pretrial order, apparently barred discovery pending resolution of the defendants' motions for summary judgment. Johnson did not appeal the Magistrate Judge's order. *See* Fed. R. Civ. P. 72(a) (providing that a party must object to a nondispositive order of a magistrate judge within ten days of the order or forfeit objection). Furthermore, given that Johnson already has litigated issues arising from the 1987 foreclosure in several prior proceedings against the Bank, it is difficult to imagine what additional discovery pertinent to the foreclosure that Johnson could obtain.

Johnson also claims that discovery from defendant Faegre & Benson LLP ("Faegre") would provide support for Johnson's theory that the Bank colluded with Faegre to create a conflict of interest, which then allowed Faegre to cease representing Johnson. Again, as indicated in the Order, Johnson has cited no legal authority holding that such conduct on the part of Faegre is actionable even assuming it occurred, and pretrial discovery from Faegre could serve no legitimate purpose.

The Court has considered all arguments Johnson raises, including Johnson's request to disqualify opposing counsel and to transfer the case, and finds that Johnson has not shown

compelling circumstances for reconsidering the Court's Order of March 31, 2003, or an entitlement to any other relief he requests. Therefore, based on the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' motion to vacate the March 31, 2003 Order [Docket No. 52], which the Court will treat as request to file a motion to reconsider, is **DENIED**.

Dated: May 23, 2003
at Minneapolis, Minnesota

JOHN R. TUNHEIM
United States District Judge